E-FILED on 4/19/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MYRA C. CRENSHAW,

    Plaintiff,

    v.

SUN MICROSYSTEMS, INC.,

    Defendant.

No. C-05-02387 RMW

ORDER ON *IN LIMINE* MOTIONS

    The parties have waived jury and are proceeding before the court. Prior to the jury waiver, defendant Sun Microsystems, Inc. ("Sun") filed several *in limine* motions. The court will rule on most of the issues raised by the motions when and if they come up during trial. However, defendant Sun requested the court to address certain of the motions before commencement of trial, as the rulings will assist it in finalizing its presentation of evidence. The court rules as follows on those motions.

**1. Sun's Motion to Exclude Evidence that Plaintiff is Judicially Estopped from Presenting**

    Sun argues that plaintiff should be precluded from offering any evidence of damages incurred while she was totally disabled. The scope of defendant's motion is not entirely clear. However, Under Ninth Circuit law, plaintiff may not recover both back pay and social security disability benefits for the same period of time based on inconsistent positions. *See Fredenburg v.*

ORDER ON *IN LIMINE* MOTIONS
C-05-02387 RMW

1  *Contra Costa County Dept. of Health Servs.*, 172 F.3d 1176, 1181 (9th Cir. 1999). In *Fredenburg,*
2  the court clarified the distinction between estoppel to make an ADA claim and the inability to collect
3  damages based on inconsistent positions:

> We wish to make clear, however, that, even though judicial estoppel is inappropriate with regard to [plaintiff's claim that defendant unlawfully removed her from work and refused to let her return], Fredenburg certainly would not be entitled to retain disability benefits and, at the same time, recover back pay for the same period on her claim that her employer violated the ADA by placing her on leave. Our ruling relieves Fredenburg of an untenable choice between disability benefits and an ADA claim . . . but it does not permit a double recovery based on inconsistent positions.

172 F.3d at 1181. Plaintiff appears, based upon the decision of an Administrative Law Judge dated September 26, 1998, to have been found disabled and awarded benefits by the Commissioner of Social Security for the period commencing November 8, 1994 and ending January 15, 1997 and for the period commencing July 30, 1997. Therefore, under *Fredenberg* she is precluded from recovering back pay for the same periods on her claim that Sun violated the ADA and may not offer evidence of lost wages for those periods for which she received long-term disability benefits from Social Security.

The law is unclear in the Ninth Circuit as to whether she would be required to off-set any workers compensation benefits received, if that were her source of disability payments. The better rule appears to be that she would not unless Sun paid the worker's compensation benefits itself. *See McLean v. Runyon*, 222 F.3d 1150, 1155-57 (9th Cir. 2000). However, that issue does not have to be reached in this case because plaintiff received disability benefits from Social Security.

This ruling does not preclude plaintiff from arguing that she was discriminated against under the ADA even though she claimed total disability in her claim for Social Security benefits. Judicial estoppel does not usually apply to bar an ADA claim based on the plaintiff's successful disability claim. *See Fredenberg,* 172 F.3d at 1179 ("Judicial estoppel applies when a party's position is tantamount to a knowing misrepresentation to or even fraud on the court.") (citation and internal quotation marks omitted). Plaintiff need only satisfactorily explain any apparent inconsistency. In *Cleveland v. Policy Management Systems Corp.*, the Court stated, "[w]hen faced with a plaintiff's previous sworn statement asserting 'total disability' or the like, the court should require an explanation of any apparent inconsistency with the necessary elements of an ADA claim." 526 U.S.

ORDER ON *IN LIMINE* MOTIONS
C-05-02387 RMW

795, 807 (1999). The explanation must be sufficient to warrant a reasonable conclusion that, "assuming the truth of, or the plaintiff's good-faith belief in, the earlier statement, the plaintiff could nonetheless 'perform the essential functions' of her job, with or without 'reasonable accommodation.'" *Id.*

### 2. Sun's Motion *in Limine* Precluding any Evidence of EEOC Administrative Determination

The U.S. Equal Employment Opportunity Commission issued a determination dated September 21, 1998[1] that Sun's implementation and administration of its "Return to Work Program" violated the ADA by its failure to reasonably accommodate plaintiff and a class of similarly situated qualified individuals with disabilities. Sun argues that evidence of the determination should be excluded because (1) it is inadmissible hearsay and lacks sufficient trustworthiness to fall within a hearsay exception and (2) its probative value is outweighed by risks of undue prejudice. Sun argues that the letter has little probative value because it gives only a conclusory opinion without reference to what evidence it relied upon, yet carries a substantial risk of undue prejudice because it is an opinion issued by a government agency. Sun also notes that Crenshaw will have the opportunity to present the same evidence that presumably was before the EEOC to the court.

The Ninth Circuit has held that a probable cause determination by the EEOC in a Title VII case may be introduced because the risk of undue prejudice does not outweigh the highly probative value of such a determination. *See Plummer v. Western Intern'l Hotels Co.*, 656 F.2d 502, 504-05 (9th Cir. 1981). However, in *Gilchrist v. Jim Slemons, Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986), the court distinguished an EEOC letter of violation from a probable cause determination on the basis that a letter of violation could actually suggest to a jury that the EEOC has already determined that there has been a violation. The court noted that such distinction is "critical when considering the potential for prejudicial impact on a jury." *Id.* The court concluded that because "[t]he probative value of a letter of violation may not, in every case, outweigh the potential for

---

[1] Sun suggests the September 21, 1998 determination was rescinded and a new determination letter was issued in July 2000. If this is the case, the July letter and not the September 21, 1998 letter would be relevant. In any event, a foundation will have to be provided for any determination letter to be admitted.

ORDER ON *IN LIMINE* MOTIONS
C-05-02387 RMW

3

prejudice," the district court should exercise its discretion in deciding whether to admit it into evidence. *Id.* In *Heyne v. Casuso*, 69 F.3d 1475 (9th Cir. 1995), the court held that it was reversible error to exclude from evidence the probable cause finding of the Nevada Equal Rights Commission in a sexual harassment case under Title VII.

Here, since this is a court trial, the risk of prejudice is not great. The court can weigh the reasons given for the determination in light of the evidence.

The evidence is not barred by the hearsay rule as it falls within the exception of FRE 803(8)(c) as a public record or report. With a proper foundation, the letter determination will be admitted.

### 3. Sun's Motion *in Limine* to Exclude Alleged Discriminatory Acts that Predate the Incident Alleged in Plaintiff's EEOC Charge

Sun argues that any evidence that refers to or relates to claims of discrimination occurring prior to May 10, 1996 is barred based on plaintiff's failure timely exhaust her administrative remedies as to such claims. Plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing ("DFEH") and the Equal Employment Opportunity Commission ("EEOC") on February 28, 1997 contending that she was discharged based on her disability. Sun argues that plaintiffs stated in those filings that the earliest date she was discriminated against was May 10, 1996. Moreover, Sun argues, plaintiff has to file an administrative charge within 300 days from the date of the alleged unlawful act; here, 300 days prior to plaintiff's filing date is May 4, 1996.

"A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). "[T]ermination, failure to promote, denial of transfer, or refusal to hire are discrete acts. *Id.* at 114. In *National Railroad*, the Court explicitly rejected the plaintiff's argument that the requirement to exhaust administrative remedies is met by the filing of a charge within the specified number of days after an "unlawful employment practice" consisting of "an ongoing violation that can endure or recur over a period of time." *Id.* at 110. Moreover, the Court held "discrete acts that fall within the statutory time

period do not make timely acts that fall outside the time period." Finally, while the rule differs for hostile work environment claims, plaintiff has not made sufficient allegations to sustain a hostile work environment based on disability.

The above analysis does not mean, however, that plaintiff cannot offer evidence that rebuts defendant's evidence. For example, if defendant claims that plaintiff's job evaluation for a period before May 10, 1996 shows she was not qualified for a particular position, plaintiff could offer evidence that the evaluation was unfair or the result of discrimination.

DATED: 4-7-07

RONALD M. WHYTE
United States District Judge

ORDER ON *IN LIMINE* MOTIONS
C-05-02387 RMW

5

**This document was hand served on April 7, 2007 on:**

Myra C. Crenshaw          PRO SE

Danielle Ochs Tillotson and Madelyn Jordan-Davis     Counsel for Defendant

**Dated:**          April 7, 2007          RMW

**Chambers of Judge Whyte**